Case 2:15-cv-00001-J   Document 28   Filed 10/22/15   Page 1 of 15   PageID 163

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 OCT 22 AM 10: 57

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANNY WILLIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:15-cv-00001-J |
| | § | |
| NOBLE ENVIRONMENTAL POWER, LLC and NOBLE SERVICES, INC., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On August 3, 2015, Defendants, Noble Environmental Power, LLC and Noble Services, Inc., filed a *Motion For Summary Judgment*. Plaintiff, Danny Willis, filed a response on August 20, 2015. Defendants did not file a reply. Defendants' Motion is GRANTED.

## BACKGROUND

Plaintiff brings a discrimination claim pursuant to the Americans with Disabilities Act as Amended (ADAAA), 42 U.S.C. § 12112. Defendants employed Plaintiff as a Wind Turbine Technician starting in April of 2014. This is a dangerous position that required Plaintiff to climb in excess of 300 feet on wind turbines and work in extreme temperatures above 100 degrees during the summer months.

While at work on July 9, 2014, Plaintiff suffered a medical episode related to dehydration and possible heat stroke. Plaintiff needed assistance walking, slurred his speech, and experienced difficulty communicating and concentrating. Plaintiff was admitted to the emergency room and, during the three to four hour stay, diagnosed with dehydration and treated for possible heat stroke. The emergency room physician discharged Plaintiff at 12:12 pm on July

1

9, 2014 with orders to take three days off from work, drink plenty of fluids, stay in cool places, and avoid direct sunlight. Two subsequent doctor visits, required by Defendants, revealed that Plaintiff had a clean bill of health, everything was normal, and no further restrictions or orders were necessary. On July 24, 2015, approximately two weeks after returning to work, Defendants terminated Plaintiff due to alleged safety issues that arose either during the later part of June or early July.

Plaintiff admits that he does not have a disability and that the brief medical episode on July 9, 2014 was a one-time event lasting only a few hours. Plaintiff, again by his own admission, has never experienced a similar medical episode before or after July 9, 2014. After returning to work, Plaintiff performed his work duties in a normal fashion without any accommodations.

Plaintiff received his right to sue letter from the EEOC on December, 19, 2014, and filed suit against Defendants on January 2, 2015. Defendants now move for summary judgment on Plaintiff's ADAAA discrimination claim.

## STANDARD FOR SUMMARY JUDGMENT MOTIONS

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party on the issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the nonmovant bears the burden of proof at trial, the movant may either offer evidence that undermines one or more of the essential elements of the nonmovant's claim, or point out the absence of evidence supporting an essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (where there is an absence of evidence

supporting an essential element of the nonmovant's claim, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

If the movant successfully carries this burden at the summary judgment stage, the burden then shifts to the nonmovant to show that the court should not grant summary judgment. *Id.* at 324. The nonmovant must set forth specific facts that show a genuine issue for trial—only a genuine dispute over a material fact will preclude summary judgment. *Anderson*, 477 U.S. at 248, 256. The nonmovant cannot rely on conclusory allegations, improbable inferences, or unsupported speculation. *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). In ruling on a summary judgment motion, a court must review the facts and draw all reasonable inferences in favor of the nonmoving party—here, Plaintiff. *See Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

## DISCUSSION

The ADAAA prohibits employers "from discriminating against a 'qualified individual with a disability on the basis of that disability.'" *Burton v. Freescale Semiconductor, Inc.*, No. 14–50944, 2015 WL 4742174, at *2 (5th Cir. Aug. 10, 2015) (internal quotation marks omitted) (quoting *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). An ADAAA discrimination claim is analyzed under the *McDonnell Douglas* burden shifting test. *E.E.O.C. v. Chevron*, 570 F.3d 606, 615 (5th Cir. 2009). First, the plaintiff must make a *prima facie* case of discrimination by showing that he or she: (1) is disabled, regarded as disabled, or has a record of having a disability; (2) is qualified for the job at issue; (3) experienced an adverse employment action based on the disability or perception of the disability; and (4) was replaced by or treated less favorably than a non-disabled employee. *Id.* Once a plaintiff successfully proves his or her

3

*prima facie* case of discrimination, the burden then shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* After the defendant-employer fulfills that burden, the burden once again shifts back to the plaintiff to prove, by a preponderance of the evidence, that the legitimate, non-discriminatory reason offered by the defendant-employer is merely a pretext for discrimination. *Id.*

Defendants move for summary judgment on Plaintiff's ADAAA discrimination claim on the following grounds: (1) Plaintiff cannot establish a *prima facie* case for discrimination; (2) Defendants articulated a legitimate, non-discriminatory reason for terminating Plaintiff; and (3) no causal connection exists between the employment decision and a perceived physical or mental impairment. Because this Court concludes that Plaintiff does not establish a disability under the ADAAA, the Court needs not consider Defendants' other arguments. *See Waldrip v. Gen. Elec. Co.*, 325 F.3d 625, 654 (5th Cir. 2003).

## A. EVIDENCE OBJECTIONS

Plaintiff lodged objections to a portion of Defendants' summary judgment evidence. Although the admissibility of the challenged evidence does not have an effect on the Court's determination, the Court will address these issues first. The Federal Rules require that an affidavit "used to support or oppose a motion must be made on personal knowledge . . . ." Fed. R. Civ. P. 56(c)(4).

Plaintiff makes two objections to Defendants' affidavits in support of the Motion. Plaintiff contends that both the Affidavit of John Bahouth and Linda Weller contain inadmissible hearsay and sometimes double-hearsay statements. Plaintiff specifically objects to statements regarding safety issues which Defendants articulate as the non-discriminatory reason for terminating Plaintiff. The evidence at issue is not relevant to the Court's holding because the

analysis begins and ends with the first prong of the *McDonnell Douglas* burden shifting test. Nevertheless, the objections are sustained, and the Court will only consider relevant, competent summary judgment evidence.

## B. PLAINTIFF'S *PRIMA FACIE* CASE

Defendants move for summary judgment arguing that Plaintiff does not have a disability within the meaning of the ADAAA, and therefore, cannot prove a *prima facie* case. Plaintiff counters that he met this burden by proving an actual disability or, in the alternative, that Defendants regarded Plaintiff as being disabled.

The threshold requirement in an ADAAA case is to determine whether the plaintiff has a disability. *Waldrip*, 325 F.3d at 654. To survive a motion for summary judgment, Plaintiff must prove that he qualifies as an individual with a disability as defined by the ADAAA. *See* Chevron, 570 F.3d at 614. The ADAAA defines disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102(1). "Failure to establish an actual or perceived disability is [] fatal to a plaintiff's case," and no further consideration is required. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 280 (5th Cir. 2000); *see Waldrip*, 325 F.3d at 654.

### i. Actual Disability

Courts use the ADAAA's definitions and EEOC regulations to further break down the actual disability prong. The sources define an actual disability as a physical or mental impairment that substantially limits one or more major life activities. 29 C.F.R. § 1630.2(g)(1)(i) (2012). A physical or mental impairment includes a physiological disorder or condition that affects one or more body systems. 29 C.F.R. § 1630.2(h). However, not every impairment will

establish a disability. 29 C.F.R. § 1630.2(j)(1)(ii). To qualify as an ADAAA disability, plaintiffs must prove the impairment *substantially limits* a major life activity. *Id.* The regulations provide a non-exhaustive list of major life activities which includes performing manual tasks, seeing, walking, standing, speaking, concentrating, and communicating. 29 C.F.R. § 1630.2(i)(1)(i).

Plaintiff produced uncontroverted evidence to satisfy two of the three requirements under the actual disability prong: (1) he suffered from a physical impairment that (2) affected a major life activity. Clearly, dehydration constitutes a physiological disorder that affects one or more body systems. Additionally, Plaintiff stated in his deposition that the dehydration episode affected major life activities. Plaintiff required assistance walking, could not see clearly, slurred his speech, and experienced issues communicating with others. Therefore, the key determination is whether Plaintiff produced sufficient evidence to establish a genuine issue of material fact showing the physical impairment *substantially limited* one or more major life activities.

**Relevant Time to Assess Existence of a Disability**

Under the actual disability prong, the relevant determination is whether the plaintiff was disabled at the time of the adverse employment action. *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 618 (5th Cir. 2009). Plaintiff must show that the impairment limited a major life activity at the time of the adverse employment action. *Munoz v. Echosphere, L.L.C.*, No. 09–cv–0308–KC, 2010 WL 2838356, at *11 (W.D. Tex. July 15, 2010). Here, the time of adverse employment action is unclear. Plaintiff plead a failure to accommodate claim in his *First Amended Complaint,* but argues discriminatory discharge in his Reply to Defendants' Motion. The crucial question is whether Plaintiff suffered an ADAAA disability at any point from the

time he returned to work, a date not specified in Defendants' Motion or Plaintiff's Response, to his termination on July 24, 2014.

Plaintiff testified in his deposition that when he became ill on July 9, 2014, he experienced substantial limitations to his vision, eating, walking, lifting, speaking, breathing, and communicating. However, Plaintiff stated that this condition lasted only a few hours and that it was a one-time occurrence. By his own admission "[e]verything was normal" on his first day back at work. During a follow up doctor visit, prior to his termination, he received a clean bill of health and permission to return to work without restrictions. Plaintiff has never previously or subsequently experienced a similar medical episode. All impairments ceased by the time of any adverse employment action, whether it be Plaintiff's first day back at work, date of termination, or any point in between.

Plaintiff was not disabled on the date of the adverse employment action. Applying the appropriate standards, the record shows that Plaintiff's dehydration symptoms began and ceased to manifest on July 9, 2014. The Court cannot find any evidence from which a reasonable jury could conclude that Plaintiff was disabled at the time of the adverse employment action. Therefore, Plaintiff falls short of meeting the burden to prove a *prima facie* case of discrimination. Regardless of this holding, Plaintiff would still fail to prove a *prima facie* case because evidence does not establish a *substantial limitation* on a major life activity.

**History of the ADA and ADAAA**

The ADAAA took effect on January 1, 2009. In the amended act, Congress expressly rejected a prior Supreme Court decision that established narrow interpretations of substantially limits and major life activity. *See* 29 C.F.R. § 1630.2(j)(1)(i); *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197–98 (2002) (holding that "to be substantially limited in performing

manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives."). Though the elements of a *prima facie* case remain the same under the ADAAA, Congress intended to broaden the meaning and coverage of disability. *Neely v. PSEG Tex., L.P.*, 735 F.3d 242, 245 (5th Cir. 2013). However, the Fifth Circuit expressly held that despite the broader definition, the burden remains on the plaintiff to first prove a disability. *Id.* "In other words, though the ADAAA makes it easier to prove a disability, it does not absolve a party from proving one." *Id.*

**Substantially Limits**

Congress intended to broaden the coverage of *substantially limits* through the ADAAA but failed to provide an exact definition. Instead, the statute and regulations include rules of construction for assessing an actual disability. 29 C.F.R. § 1630.2(j)(1)(i–ix). Several rules of constructions are applicable to the Court's determination in this case including:

> (i) The term "substantially limits" shall be construed broadly in favor of expansive coverage, to the maximum extent permitted . . . "Substantially limits" is not meant to be a demanding standard.
>
> (ii) An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section.

29 C.F.R. § 1630.2(j)(1)(i), (ii). Without an absolute definition from Congress or Fifth Circuit precedent discussing the substantial limitation prong in detail, trial courts are left to pinpoint where the impairment falls within the substantial limitation spectrum. To aide in this determination, courts apply factors to decide if an impairment results in a substantial limitation. *See Holland v. Shineski*, No. 3:10-cv-0908-B, 2012 WL 162333, at *6 (N.D. Tex. Jan. 18, 2012). The factors include: "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long term impact, or the expected permanent or long term impact of, or resulting from, the impairment." *Id.* (quoting *Armstrong v. Boehringer Ingelheim, Pharm., Inc.*, No. 3:08-cv-1458-0, 2010 WL 2540751, at *15 (N.D. Tex. June 21, 2010)).

In the case at hand, Defendants maintain that Plaintiff was not disabled because the physical impairment did not *substantially limit* a major life activity. Defendants cite several Fifth Circuit cases to provide examples where federal courts held that certain physical or mental impairments did not substantially limit a major life activity. Such examples include an allergy to scented products in the workplace, weight-lifting restrictions after surgery; treatment plans for Type-II diabetes; and a hearing impairment. *See generally Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216 (5th Cir. 2011); *Milton v. Tex. Dept. of Criminal Justice*, 707 F.3d 570 (5th Cir. 2013); *Rodriguez v. Alcoa Inc.*, 805 F. Supp. 2d 310 (S.D. Tex. 2011); *Tyler v. La-Z-Boy Corp.*, 506 Fed. Appx. 265 (5th Cir. 2013). While the examples provide a compelling argument that Plaintiff's dehydration does not constitute a substantial limitation, this argument is misplaced. *See Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 856–57 (5th Cir. 2010). The adverse employment actions in the cited cases took place before the effective date of the ADAAA. The Fifth Circuit expressly held that the ADAAA does not apply retroactively. *Id.* Any cases

involving adverse employment actions before January 1, 2009 must be analyzed under the Supreme Court's pre-ADAAA definition of disability. *Id.* Because the cited cases analyzed physical and mental impairments under the more narrow definitions of disability and substantially limits, the holdings have no bearing on this Court's determination. *See id.*

Defendants then go on to apply the three factors courts utilize to determine if a physical or mental impairment constitutes a *substantial limitation* on a major life activity. Defendants argue that the evidence regarding the second and third factors (duration and permanent or long-term impact) prove no substantial limitation existed. In support, Defendants offer portions of Plaintiff's deposition discussing the duration or expected duration and any expected or actual permanent or long term impacts resulting from the episode. Plaintiff's deposition clearly establishes that the dehydration was a short, one-time episode that he has not previously or subsequently experienced. Specifically, Plaintiff stated that the condition, referring to his dehydration, lasted "[a] few hours, I guess." Additionally, no evidence exists suggesting that the condition was expected to or did have a lengthy duration or permanent or long term impact. In fact, the evidence provides just the opposite. Plaintiff stated that the treating emergency room physician provided a note ordering only three days off work and that "[e]verything was normal" upon his return. Finally, Plaintiff stated the subsequent doctor visits resulted in a clean bill of health and no work restrictions. Plaintiff's dehydration was a short episode with no permanent or long-term impacts.

In addition to Defendants' overwhelming evidence arguing that the factors do not weigh in favor of a substantial limitation, Plaintiff counters with insufficient evidence to create a genuine issue of material fact on the matter. Plaintiff clearly describes the nature and severity of the dehydration. Plaintiff needed assistance walking, slurred his speech, experienced numbness

in his arm, and had difficulty communicating and concentrating. However, Plaintiff fails to provide specific evidence to show how the other two factors weigh in favor of a substantial limitation. Other than stating the nature and severity of the brief dehydration, Plaintiff points to nothing but conclusory statements regarding any type of substantial limitation. Specifically, in Plaintiff's deposition, he merely responded yes when asked if his vision, eating, walking, speaking, breathing, and concentration level were substantially limited.[1] Instead of addressing the remaining two factors, Plaintiff counters that temporary impairments are still disabilities.

The Fifth Circuit has yet to answer whether a temporary impairment constitutes a disability under the ADAAA, but the regulations make it clear that "effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ix); *Silva v. City of Hidalgo, Tex.*, 575 Fed. Appx. 419, 427 (5th Cir. 2014). The duration of an impairment is merely one relevant factor in determining if an impairment substantially limits a major life activity, but impairments that last for only a short time are not typically covered unless they are sufficiently severe. 29 C.F.R. app. § 1630.2(j)(1)(ix) (2012). While Plaintiff correctly states that temporary impairments may now be a covered disability under the ADAAA, Plaintiff provides no evidence to show that the dehydration was *sufficiently severe* or that it *substantially limited* a major life activity. Plaintiff simply supports this line of argument with one statement: "[Plaintiff's] heat stroke and dehydration, and impairments they caused, were disabilities affording him protection under the ADA even *arguendo* if they were temporary."

---

[1] Plaintiff answered "yes" or "absolutely" to the following questions: "Was your vision substantially limited? . . . Was your eating ability substantially limited? . . . Was your ability to walk substantially limited? . . . Was your speaking substantially limited? . . . Was your breathing affected and substantially limited? . . . [Y]our thinking and concentration was limited?"

11

Recently, several courts addressed the new ADAAA definition of substantial limitation in light of a temporary impairment. For example, in *Holland v. Shinseki*, a district court denied defendant's motion for summary judgment arguing plaintiff's alleged mental impairments (anxiety, depression, severe headaches, and insomnia) did not constitute a disability because they were a temporary inability to work under one supervisor. *Holland v. Shineski*, No. 3:10-cv-0908-B, 2012 WL 162333, at *2–*6 (N.D. Tex. Jan. 18, 2012) The court relied on evidence that plaintiff's doctor informed defendants several times about plaintiff's ongoing symptoms, and both the doctor and plaintiff stated that plaintiff suffered from mental impairments for several months. *Id.* at *6. By contrast here, Plaintiff admits that he suffered from dehydration for only a few hours, took three days off, and received a clean bill of health from the subsequent doctor appointments. At most, this reveals that the possible period of impairment spanned no more than a few days. The record does not reveal when Plaintiff had the first and second follow-up doctor visits, but the visits resulted in a clean bill of health, not a continued diagnosis of dehydration. The evidence provides that Plaintiff suffered from dehydration symptoms for no more than a few days, let alone several months as the plaintiff in *Holland*.

In a second case applying the new disability standard, a district court again denied defendant's motion for summary judgment arguing that plaintiff's carotid artery disease was not a substantial limitation because a brief post-operative recovery period and no restrictions upon returning to work was not sufficiently permanent or long-term. *Suggs v. Cent. Oil of Baton Rouge, LLC*, No. 13–25–RLB, 2014 WL 3037213, at *4 (M.D. La., July 3, 2014). Plaintiff provided evidence and testimony showing that the condition substantially limited his circulatory function by causing plaque build-up in the artery wall which could eventually lead to blood clots and possible stroke. *Id.* Although the condition resulted in only a temporary outward

manifestation of limitations, the brief recovery period following surgery, the disease itself constituted a continuing disorder of the circulatory system. *Id.* Similarly in the case at hand, Plaintiff's impairment resulted in a temporary outward manifestation of limitations. However, unlike the plaintiff in *Suggs,* here Plaintiff does not have an underlying disease or condition that substantially limits a major life activity. Plaintiff's physical impairment and limitations were both temporary, transitory experiences, that did not result from an ongoing condition.

Finally, a Pennsylvania district court analyzed a one-time physical impairment, a double-hernia, under the episodic or remission approach. *See generally Butler v. BTC Foods Inc.*, No. 12–492, 2012 WL 5315034 (E.D. Pa., Oct. 19, 2012). "An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 29 C.F.R. § 1630.2(j)(1)(vii). In the motion to dismiss, the district court reasoned that because the plaintiff had not alleged that the hernia was anything besides a one-time occurrence, the "[p]laintiff could not sustain his 'substantially limiting impairment' claim." *Butler*, 2012 WL 5315034, at *3. Mirroring the facts in the Pennsylvania case, Plaintiff fails to present evidence that his dehydration was anything besides a one-time occurrence. Evidence shows that Plaintiff had not and did not suffer from dehydration before or after the July 9th episode, and that he did not experience impairments or limitations after he returned to work.

No genuine issue of material fact exists regarding whether Plaintiff's impairment constitutes an actual disability as defined by the ADAAA. Although Plaintiff adequately proved that he suffered from a physical impairment that limited at least one major life activity, the record is almost completely void of evidence showing a substantial limitation. When viewing all evidence in the light most favorable to Plaintiff, this Court finds that a reasonable jury could not find that Plaintiff's dehydration *substantially limited* a major life activity.

*ii. Regarded as Disabled*

Alternatively, Plaintiff argues that he can meet the burden for the "regarded as disabled" prong. Again, the Fifth Circuit has yet to "determine what it means to be 'regarded as' impaired under the ADAAA, but section 12102(3)(A) is clear . . . [Plaintiff] need only show that [his] 'employer perceived [him] as having an impairment' and that it discriminated against [him] on that basis." *Burton v. Freescale Semiconductor, Inc.*, No. 14–50944, 2015 WL 4742174, at *5 (5th Cir. Aug. 10, 2015). Plaintiff supports this argument with statements and emails from Defendants' employees discussing the medical episode and concerns about Plaintiff working on wind turbines in the future. However, Defendants assert a defense that prevents Plaintiff from qualifying as disabled under the regarded as prong.

An individual is not regarded as having an impairment when the impairment is both transitory and minor. 29 C.F.R. §1630.2(g)(1)(iii). The regulations expressly state that it may be a defense to the regarded as prong "that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) 'transitory and minor.'" 29 C.F.R. §§ 1630.2(j)(1)(ix), 1630.15(f). The defense is to be determined objectively, and Defendants must show that the impairment is both transitory and minor. 29 C.F.R. § 1631.15(f). A transitory impairment is one that lasts or is expected to last six months or less. *Id.*

Plaintiff's argument that Defendants regarded him as disabled fails as a matter of law. Here, an objective survey of the record reveals that Defendants show the dehydration episode was a transitory and minor impairment. Plaintiff stated himself that the effects lasted only a few hours. Additionally, two follow up doctor visits, which occurred at some point between July 9th and July 24th, resulted in a clean bill of health and no work restrictions or extended recuperation time. An impairment that subsides within a few hours, requires minimal recuperation time and

14

no continuing treatments or restrictions is clearly both transitory and minor. Defendants have adequately established a viable defense, and therefore Plaintiff's argument fails as a matter of law.

### *iii. Record of Disability*

The regulations state that an individual has a record of a disability "if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities. 29 C.F.R. § 1630.2(k)(1). Here, Plaintiff provides no evidence supporting a record of impairment. The only place Plaintiff mentions this argument is in his *First Amended Complaint*. Defendants submit evidence showing that Plaintiff never advised Defendants that he had any type of disability. Plaintiff's response failed to address the issue altogether, and as a result, no genuine issue of material fact exists. Plaintiff, as a matter of law, does not show that he is disabled under the record of disability prong.

### CONCLUSION

For the above reasons, Defendants are entitled to summary judgment on all of Plaintiff's claims.

IT IS SO ORDERED.

Signed this __22nd__ day of October, 2015.

        _S/ Mary Lou Robinson_
        **MARY LOU ROBINSON**
        **UNITED STATES DISTRICT JUDGE**